THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| EDWARD PERALTA-MORAN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING [1] MOTION TO CORRECT SENTENCE**<br><br>Case No. 2:21-cv-00207-DBB<br><br>District Judge David Barlow |

Petitioner Edward Peralta-Moran brings a motion under 28 U.S.C. § 2255 to vacate or correct his prison sentence.[1] Because the motion and record conclusively shows that Petitioner is entitled to no relief, Petitioner's motion is DENIED.

## BACKGROUND

In 2019, Petitioner was charged in a two-count Complaint for Felon in Possession of a Firearm and Possession of a Stolen Firearm.[2] The U.S. Attorney's Office prepared a Rule 11(c)(1)(C) plea agreement with a stipulated sentence of 96 months.[3] Although the sentence was well above the sentencing guideline range, the plea agreement was the result of a global resolution between Petitioner, the U.S. Attorney's Office, and the Salt Lake County District Attorney's Office.[4] As part of the agreement to the stipulated sentence, the Salt Lake County

---

[1] Motion to Vacate, Set Aside, or Correct Sentence., ECF. No. 1.
[2] United States' Response in Opposition to Defendant's Motion, ECF No. 3 at 4.
[3] *Id.* at 5.
[4] *Id.* at 6.

District Attorney's Office agreed to close Petitioner's pending felony probation violation case; not pursue any charges against Petitioner for drive-by shootings that occurred on September 1, 2019; not pursue any charges against Petitioner for drive-by shootings that occurred on September 3, 2019; and not pursue any charges against Petitioner for the burglary of a shooting range on September 4, 2019.[5]

Petitioner entered a guilty plea and, at the change of plea hearing, affirmed that he understood that the sentence would be 96-months imprisonment and that he believed this sentence was reasonable.[6] The plea agreement also included an appeal waiver that, so long as the sentence imposed was not longer than agreed-upon, barred Petitioner from pursuing a direct appeal or collateral attack on his sentence.[7]

At the sentencing hearing on July 9, 2020, Judge Sam noted that the seemingly lengthy sentence was a result of the global resolution between the Petitioner, the federal government, and the state.[8] Defense counsel confirmed that they took the serious state charges into consideration and agreed "to the upward departure beyond what would be a normal sentencing" in exchange for having all the state cases dismissed.[9] Judge Sam imposed the stipulated 96-month sentence pursuant to the plea agreement.[10]

On April 2, 2021, Petitioner brought this action to correct his sentence under 28 U.S.C. § 2255.[11]

---

[5] *Id.* at 6, n.2.
[6] *Id.* at 5.
[7] ECF No. 3, Attachment D, at 5 § 12(e).
[8] ECF No. 3, at 7.
[9] ECF No. 3, Attachment E, at 7–8.
[10] ECF No. 3, at 8.
[11] *See* ECF No. 1.

## STANDARD

Because Petitioner is proceeding *pro se* the court construes his arguments liberally, but "this rule of liberal construction stops, however, at the point at which [the court] begins to serve as his advocate."[12] Petitioner still has the burden to allege "sufficient facts on which a recognized legal claim could be based," and "conclusory allegations without supporting factual averments are insufficient to state a claim. . . ."[13]

When considering a petition to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, the court must hold an evidentiary hearing "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[14] Petitioner "bears the burden of alleging facts which, if proved, would entitle him to relief."[15] "Conclusory allegations will not suffice to warrant a hearing."[16]

## DISCUSSION

Petitioner makes three arguments as to why this court should correct his sentence. First, he argues that his Due Process rights to a fair sentencing were violated because the prosecutor impermissibly sought a sentence outside of the sentencing guideline without cause or justification and that the sentencing process "remove[d] the judge from any meaningful role in the sentencing process and substitute[d] the prosecutor for the judge."[17] Second, he argues that

---

[12] *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).
[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[14] 28 U.S.C. § 2255(b).
[15] *Brecheen v. Reynolds*, 41 F.3d 1343, 1362 (10th Cir. 1994) (internal quotations omitted).
[16] *Andrews v. Shulsen*, 802 F.2d 1256, 1266 (10th Cir. 1986).
[17] ECF No. 1 at 5.

his plea agreement was an illegal contract.[18] Finally, he argues that his counsel was ineffective.[19] Petitioner also raises several legal arguments for the first time in his reply brief.[20]

> **I. Petitioner's Due Process claims, illegal contract claim, and claims in his reply brief are precluded by the enforceable waiver in the plea agreement waiving Petitioner's right to bring a collateral attack on his sentence.**

The court first addresses Petitioner's arguments that his sentence violated his due process rights, his argument that the plea agreement was an illegal contract, and the various arguments raised in his reply brief. Petitioner's plea agreement included an appeal waiver that states:

> I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, unless the sentence imposed is greater than the sentence set forth in this agreement, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.[21]

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."[22] In determining if a waiver of collateral attack rights is enforceable, the court must determine: (1) whether the disputed collateral attack falls within the scope of the waiver of collateral attack rights; (2) whether the petitioner knowingly and voluntarily waived his collateral attack rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.[23]

The first prong of the analysis requires the court to determine if the collateral attack in question falls within the scope of the waiver. Here, the express terms of the waiver preclude any

---

[18] *Id.* at 14.
[19] *Id.* at 20.
[20] *See* Petitioner's Response to the Government's Response, ECF No. 7.
[21] ECF No. 3, Attachment D, at 5 § 12(e)(2).
[22] *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).
[23] *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

§ 2255 challenge to the sentence unless the sentence imposed is greater than the sentence set forth in the plea agreement.[24] Petitioner agreed to a sentence of 96 months in the plea agreement, which is precisely what he received.[25] Thus, the collateral attack in question here plainly falls within the scope of the waiver in the plea agreement. The only claim that is exempted from the waiver is Petitioner's assertion of ineffective assistance of counsel.

The second prong of the analysis requires the court to ascertain whether the petitioner knowingly and voluntarily waived his rights to a collateral attack of his sentence. The two factors that are relevant to this inquiry are "whether the language of the plea agreement states that the [petitioner] entered the agreement knowingly and voluntarily" and whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy."[26] The petitioner bears the burden of presenting evidence that the waiver was not knowing and voluntary.[27] First, the collateral-attack waiver explicitly states that the Petitioner enters into the agreement knowingly and voluntarily.[28] Nonetheless, Petitioner contends that the agreement was not knowing and voluntary because "he did not review the [Presentence Report] with his attorney"[29] and that the plea agreement was "never explained to him by counsel or anyone else."[30] However, at the change of plea hearing Petitioner acknowledged to the court that the stipulated sentence was 96 months' imprisonment, that he believed the sentence was reasonable, that the plea was made after full and careful thought with advice of counsel, that he had a full understanding of his rights, and that he did not

---

[24] ECF No. 3, Attachment D, at 5 § 12(e)(2).
[25] *Id.* at 4 § 12(c).
[26] *Hahn*, 359 F.3d 1325.
[27] *Id.* at 1329.
[28] ECF No. 3, Attachment D, at 5 § 12(e)(2).
[29] ECF No. 1 at 17.
[30] *Id.* at 19.

5

wish to make changes to the plea agreement because he agreed with its terms.[31] The record does not support Petitioner's allegation that the plea agreement was not made knowingly and voluntarily.

The final prong of the analysis requires the court to ascertain whether enforcing the waiver will result in a miscarriage of justice. There are only four situations that could constitute a miscarriage of justice: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful."[32] Regarding the first factor, Petitioner makes no claim that the district court relied on an impermissible factor such as race. On the second factor, to the extent Petitioner claims ineffective assistance of counsel, those claims are discussed in Part II. The third factor is not implicated; Petitioner's sentence did not exceed the statutory maximum. He pled guilty to Felon in Possession of a Firearm under 18 U.S.C. § 922(g);[33] the maximum sentence is 120 months.[34] For a waiver to satisfy the fourth factor—that it is "otherwise unlawful"— enforcing the waiver must "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings."[35] Generally, subjecting a defendant to a sentence sanctioned by Congress "does not constitute an error seriously affecting the fairness, integrity, or public reputation of judicial proceedings."[36] Here, Petitioner was subjected to a sentence that, while above the

---

[31] ECF No. 3 at 13 (quoting the change of plea hearing transcript).
[32] *Hahn*, 359 F.3d at 1327 (citing *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).
[33] ECF No. 3 at 4.
[34] 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both.").
[35] *Hahn*, 359 F.3d at 1327 (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).
[36] *Hahn*, 359 F.3d at 1329.

guidelines range, was within the statutory maximum for his offense. Furthermore, Petitioner agreed to the above-guidelines sentence on the condition that the Salt Lake County District Attorney's Office agreed to refrain from filing charges in three distinct incidents and to close Petitioner's open felony probation case.[37] Enforcing the waiver in this case would not seriously affect the fairness, integrity, or public reputation of the judicial proceedings—Petitioner's sentence was within the statutory maximum and was the result of a carefully negotiated agreement between himself, the U.S. Attorney's Office, and the Salt Lake County District Attorney's Office. In sum, enforcing the collateral-attack waiver would not result in a miscarriage of justice.

Petitioner's first two claims and the claims raised in his reply brief fall within the scope of the collateral-attack waiver. Petitioner knowingly and voluntarily waived his collateral-attack rights, and the enforcement of the waiver would not result in a miscarriage of justice. Thus, the collateral-attack waiver is valid and precludes Petitioner's Due Process claim, contract claim, and any additional claims raised in Petitioner's reply brief.[38]

### II. Petitioner has not shown ineffective assistance of counsel because he has not alleged facts that show he was prejudiced by allegedly deficient representation.

To succeed on a claim of ineffective assistance of counsel, Petitioner must satisfy the two-part test of *Strickland v. Washington*.[39] First, Petitioner must show that his attorney's

---

[37] ECF No. 3 at 11-12.
[38] Even if the collateral-attack waiver did not preclude the claims in Petitioner's reply brief, "arguments raised for the first time in a reply brief are generally deemed waived." *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011). The Tenth Circuit has applied this rule in equal force to *pro se* proceedings filed by a habeas petitioner. *United States v. Carpenter*, 24 F. App'x 899, 906 (10th Cir. 2001) (unpublished); *see also United States v. Moya-Breton*, 439 F. App'x 711, 715 (10th Cir. 2011) (unpublished).
[39] 466 U.S. 668, 687–88 (1984).

representation fell below an objective standard of reasonableness.[40] There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."[41] Second, Petitioner must establish that he was prejudiced by the allegedly deficient representation.[42] A court may consider these factors in either order or may focus solely on one of the factors if the Petitioner fails to establish that factor.[43]

In this case, Petitioner fails to allege facts which, if proved, would establish that he was prejudiced by the allegedly deficient representation. When "a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial, the defendant will have to show 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[44] Petitioner alleges that counsel failed "to advocate for him in a meaningful manner during critical stages of the proceedings."[45] Petitioner contends that counsel's paralegal told him that because he was young he would only be 26 or 27 after a 96-month sentence, that counsel told him that he would receive no more than 48 months, that counsel never consulted with him to review the plea agreement or the PSR, and that counsel showed a "total lack of involvement in the case," including failing to file any

---

[40] *Id.* at 688.
[41] *Id.* at 689 (internal citation omitted).
[42] *Id.* at 687.
[43] *Id.* at 697.
[44] *Missouri v. Frye*, 566 U.S. 134, 148 (2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).
[45] ECF No. 1 at 9, 22–23.

motions.[46] Petitioner also contends that, after Petitioner requested to appeal, counsel failed to file a notice of appeal.[47]

These facts, if proved, would not entitle Petitioner to relief by establishing prejudice. Petitioner contends that "prejudice must be presumed where assistance of counsel was constructively denied altogether,"[48] but Petitioner must nonetheless allege facts that could show that assistance of counsel was constructively denied altogether, which he has not done. The record does not support Petitioner's conclusory allegations that counsel showed a "total lack of involvement in the case"—the plea agreement involved negotiation between Petitioner's counsel, the U.S. Attorney's Office, and the Salt Lake County District Attorney's Office and resulted in the District Attorney's Office agreeing to neither revoke Petitioner's state probation nor file charges in three serious cases.[49] Petitioner himself alleges that counsel spoke with him two to three times, which contradicts his contention that counsel showed a "total lack of involvement in the case."[50] Furthermore, Petitioner's claim that he never reviewed the plea agreement with his counsel is contradicted by the record. During the plea colloquy, the court asked the defendant if he had "discussed [his] case and [his] plea with [his] lawyer has much as [he] wish[ed]."[51] Petitioner responded: "Yes, Your Honor."[52] The court followed up by asking if Petitioner if he was satisfied with his lawyer—Petitioner again responded "Yes."[53] This also contradicts

---

[46] *Id.* at 22–23.
[47] *Id.* at 24.
[48] ECF No. 1 at 23–24.
[49] ECF No. 3 at 16.
[50] ECF No. 1 at 17. Petitioner claims that his counsel did not file any motions in the case, which demonstrates a total lack of involvement. But Petitioner does not explain what kind of motions could have been filed or how this prejudiced him in any way.
[51] ECF No. 3, Ex. B at 13.
[52] *Id.*
[53] *Id.*

Petitioner's contention that his counsel had told him he would receive a sentence no greater than 48 months, because he affirmed that he had discussed the plea agreement with his attorney and the plea agreement states that he would receive 96-month sentence.[54] Even if Petitioner had not reviewed his plea agreement with his counsel, he has not alleged facts that would demonstrate prejudice because the court extensively reviewed the plea agreement with Petitioner during the change of plea hearing.[55] Additionally, Petitioner's argument that he never reviewed the presentence report with his counsel is contradicted by Petitioner's affirmation at the sentencing hearing that he had "discussed the purpose of this proceeding and the documents with [his] attorney."[56]

Petitioner states that "in all probability the outcome would have been different but for counsel's errors and lack of representation" but that conclusion is not supported by any evidence.[57] Petitioner has not alleged facts that demonstrate that he suffered prejudice from his representation.

Furthermore, Petitioner did not suffer prejudice from counsel's failure to file a notice of appeal. As discussed above, the plea agreement included an enforceable waiver of appellate rights that would have barred Petitioner's appeal. Even if counsel had filed a notice of appeal, the appeal would have been dismissed. Thus, there is no showing that counsel's failure to file a notice of appeal was prejudicial to Petitioner. Ultimately, Petitioner has failed to allege facts that, if proved, would establish ineffective assistance of counsel. Petitioner is entitled to no relief.

---

[54] ECF No. 3, Ex. D § 12.c. Petitioner's argument that his counsel's paralegal told him that because he was young and he would only be 26 or 27 after a 96-month sentence is irrelevant because it was a truthful statement and Petitioner has not shown how it could have been prejudicial.
[55] ECF No. 3, Ex. B at 5–11.
[56] ECF No. 3, Ex. E at 5.
[57] ECF No. 1 at 24.

## ORDER

Because Petitioner validly waived his rights to collaterally attack his sentence and did not make a showing that his counsel was ineffective, Petitioner's motion to correct his sentence is DENIED. A Certificate of Appealability is DENIED.

Signed September 17, 2021.

BY THE COURT

David Barlow
United States District Judge